COMMONWEALTH OF MASSACHUSETTS 

| | |
|---|---|
| MIDDLESEX, SS. | SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT |
| _____X | |
| GLENN E. SEBRIGHT, INDIVIDUALLY AND AS PARENT, GUARDIAN, AND NEXT FRIEND OF BROOKE SEBRIGHT, | CIVIL ACTION NO. 19-565 |
| Plaintiffs, | |
| v. | |
| ABB INC.; AIR & LIQUID SYSTEMS CORPORATION, as successor-by-merger to Buffalo Pumps, Inc.; CBS CORPORATION, f/k/a Viacom, Inc., successor by merger to CBS Corporation, f/k/a Westinghouse Electric Corporation, individually and as successor-in-interest to BF Sturtevant Co.; CRANE CO., individually and as successor-in-interest to Deming Pump Co., Cochrane Corporation, and Chapman Valve Co.; FOSTER WHEELER ENERGY CORPORATION; GENERAL ELECTRIC COMPANY; GOULD ELECTRONICS, INC.; JOHN CRANE, INC., f/k/a Crane Packing; VELAN VALVE CORP; WEIR VALVES & CONTROLS USA, INC., f/k/a Atwood & Morrill Co., Inc.; | COMPLAINT<br><br>PLAINTIFFS DEMAND TRIAL BY JURY |
| Defendants. | |
| _____X | |



FILED IN THE OFFICE OF THE CLERK OF COURTS FOR THE COUNTY OF MIDDLESEX

FEB 28 2019

CLERK

## PARTY PLAINTIFFS

1A. The plaintiff, GLENN E. SEBRIGHT, resides at 213 Fair Street, Sycamore, DeKalb County, in the State of Illinois.

1B. The plaintiff, BROOKE SEBRIGHT, resides at 213 Fair Street, Sycamore, DeKalb County, in the State of Illinois.

## PARTY DEFENDANTS

2A. ABB INC. is a Delaware corporation with its principal place of business at 305 Gregson Drive, Cary, NC 27511. ABB INC. has conducted business in and derived substantial revenue from the Commonwealth of Massachusetts. ABB INC. may be served through its registered agent, C.T. Corporation System, 155 Federal Street, Suite 700, Boston, MA 02110.

2B. AIR & LIQUID SYSTEMS CORPORATION, as successor-by-merger to Buffalo Pumps, Inc., is a Pennsylvania corporation with its principal place of business at 726 Bell Avenue, Suite 302, Carnegie, PA 15106. AIR & LIQUID SYSTEMS CORPORATION, as successor-by-merger to Buffalo Pumps, Inc., has conducted business in and derived substantial revenue from the Commonwealth of Massachusetts.

2C. CBS CORPORATION, f/k/a Viacom, Inc., successor by merger to CBS Corporation, f/k/a Westinghouse Electric Corporation, individually and as successor-in-interest to BF Sturtevant Co., is a Delaware corporation with its principal place of business at c/o Adrienne Harrington, 51 West 52nd Street (19-13), New York, NY 10019. CBS CORPORATION, f/k/a Viacom, Inc., successor by merger to CBS Corporation, f/k/a Westinghouse Electric Corporation, individually and as successor-in-interest to BF Sturtevant Co., has conducted business in and derived substantial revenue from the Commonwealth of Massachusetts. CBS CORPORATION may be served through its registered agent, Corporation Service Company, 84 State Street, Boston, MA 02109.

2D. CRANE CO., individually and as successor-in-interest to Deming Pump Co., Cochrane Corporation and Chapman Valve Co., is a Delaware corporation with its principal place

of business at 100 First Stamford Place, Stamford, CT 06902. CRANE CO., individually and as successor-in-interest to Deming Pump Co., Cochrane Corporation and Chapman Valve Co., has conducted business in and derived substantial revenue from the Commonwealth of Massachusetts. CRANE CO. may be served through its registered agent, C.T. Corporation System, 155 Federal Street, Suite 700, Boston, MA 02110.

2E. FOSTER WHEELER ENERGY CORPORATION is a Delaware corporation with its principal place of business at 53 Frontage Road, Clinton, NJ 08827. FOSTER WHEELER ENERGY CORPORATION has conducted business in and derived substantial revenue from the Commonwealth of Massachusetts. FOSTER WHEELER ENERGY CORPORATION may be served through its registered agent, United Agent Group, Inc., 225 Cedar Hill Street #200, Marlborough, MA 01752.

2F. GENERAL ELECTRIC COMPANY is a New York corporation with its principal place of business at 41 Farnsworth Street, Boston, MA 02210. GENERAL ELECTRIC COMPANY has conducted business in and derived substantial revenue from the Commonwealth of Massachusetts. GENERAL ELECTRIC COMPANY may be served through its registered agent, C.T. Corporation System, 155 Federal Street, Suite 700, Boston, MA 02110.

2G. GOULD ELECTRONICS INC. is an Arizona corporation with its principal place of business at 34929 Curtis Boulevard, Eastlake, OH 44095. GOULD ELECTRONICS INC. has conducted business in and derived substantial revenue from the Commonwealth of Massachusetts.

2H. JOHN CRANE, INC., f/k/a Crane Packing, is a Delaware corporation with its principal place of business at 6400 West Oakton, Morton Grove, IL 60053. JOHN CRANE, INC., f/k/a Crane Packing, has conducted business in and derived substantial revenue from the

3

Commonwealth of Massachusetts. JOHN CRANE, INC. may be served through its registered agent, C.T. Corporation System, 155 Federal Street, Suite 700, Boston, MA 02110.

2I. VELAN VALVE CORPORATION is a Vermont corporation with its principal place of business at 94 Avenue C, Williston, VT 05495-9732. VELAN VALVE CORPORATION has conducted business in and derived substantial revenue from the Commonwealth of Massachusetts.

2J. WEIR VALVES & CONTROLS USA, INC., f/k/a Atwood & Morrill Co., Inc., is a Massachusetts corporation with its principal place of business at 29 Old Right Road, Ipswich, MA 01938. WEIR VALVES & CONTROLS USA, INC. may be served through its registered agent, C.T. Corporation System, 155 Federal Street, Suite 700, Boston, MA 02110.

As used in this Complaint, the terms "defendant," "defendants" or "defendant corporations" shall include the party defendants identified in paragraphs 2A-2J hereof, and their predecessors and successors, which shall include, but shall not be limited to, any person, corporation, company or business entity which formed part of any combination, consolidation, merger or reorganization from which any party defendant was created or was the surviving corporation or other entity, or into which any party defendant was merged, consolidated or reorganized; whose assets, stock, property, employees, customers, good will, products or product line was acquired by or from any party defendant; whose patent rights, trademark rights, trade secrets or goodwill was acquired by or from any party defendant; or, which was dominated or controlled by any party defendant to such an extent that said party defendant was the "alter ego" of said corporation.

3. The plaintiffs' cause of action arises from the defendants: (a) transacting business in Massachusetts; (b) contracting to supply and/or sell goods in Massachusetts; (c) doing or

causing a tortious act to be done within Massachusetts; and/or, (d) causing the consequence of a tortious act to occur within Massachusetts.

4. Plaintiffs hereby disclaim any cause of action or claim for recovery that could give rise to federal subject matter jurisdiction under either 28 U.S.C. § 1331 (federal question) or 28 U.S.C. § 1442(a)(1) (federal officer). Specifically, plaintiffs disclaim any cause of action or claim for recovery based on any exposure to asbestos on land that is, or was, a "federal enclave" pursuant to Article I, Section 8, Clause 17 of the United States Constitution. Plaintiffs also disclaim any cause of action or claim for recovery based on any exposure to asbestos caused by any person or entity acting under the authority of a federal officer or agency. Finally, to the extent that Plaintiff GLENN E. SEBRIGHT was exposed to asbestos aboard a vessel of the United States Navy, plaintiffs' product liability claims are based solely on the failure to warn, and not on any defects in design.

## FACTUAL BACKGROUND

5. The asbestos and asbestos-containing products to which Plaintiff GLENN E. SEBRIGHT was exposed were manufactured, fabricated, contracted, installed, supplied, distributed, sold, specified, required, recommended, and/or incorporated for use by the defendant corporations, acting through their duly authorized agents, servants, and employees, who were then and there acting in the course and scope of their employment and in furtherance of the business of the defendants.

6. At all times pertinent hereto, the defendant corporations were engaged in the business of manufacturing, fabricating, contracting, installing, supplying, distributing, selling, specifying, requiring, recommending, and/or using asbestos and asbestos-containing products.

5

7. At all times pertinent hereto, the asbestos products were products manufactured, fabricated, contracted, installed, supplied, distributed, sold, specified, required, recommended, and/or incorporated for use by the defendant corporations and reached Plaintiff GLENN E. SEBRIGHT without any substantial change in the condition of the product or products from the time that they were sold.

8. Plaintiff GLENN E. SEBRIGHT was exposed to asbestos-insulated and asbestos-containing materials while he worked in the shipyards and on ships on navigable waters. These asbestos products were advertised, marketed and sold as being capable of use aboard ships in the process of shipbuilding and the repair of ships. It was foreseeable defendants' asbestos-insulated and asbestos-containing products would be sold for installation aboard ships and that they would be fabricated and used aboard ships. Plaintiff GLENN E. SEBRIGHT worked aboard ships on navigable waters performing tasks normally done in the course of shipbuilding and ship repair work and was thereby exposed to defendants' asbestos-insulated and asbestos-containing products. Plaintiff GLENN E. SEBRIGHT was also exposed to asbestos and asbestos-containing materials while he worked at various commercial and industrial sites. To the extent that Plaintiff GLENN E. SEBRIGHT was exposed to asbestos and asbestos-containing materials while working at various commercial and industrial sites, these asbestos materials were designed, advertised, marketed and sold as being capable of use in the ordinary course of this work. It was foreseeable defendants' asbestos products would be sold for installation at various commercial and industrial sites and that they would be fabricated and used at these sites. Plaintiff GLENN E. SEBRIGHT worked in his trade at various sites and was thereby exposed to defendants' asbestos products and materials.

9. During the late 1960s into the 1970s, Plaintiff GLENN E. SEBRIGHT worked with and around the defendants' asbestos-insulated and asbestos-containing products and equipment while serving as a machinist mate in the United States Navy. During the course of that service, in or about 1969 to 1970, Plaintiff GLENN E. SEBRIGHT was exposed to the defendants' asbestos-insulated and asbestos-containing products and equipment while aboard *USS Boston* (CA-69) stationed at Boston Naval Shipyard in Charlestown, Massachusetts. Additionally, in his civilian employment during the 1970s, Mr. Sebright worked on and around defendants' asbestos-containing machinery, electrical systems, and heavy equipment at various times and locations.

10. During the periods of time set forth in Paragraph 9, Plaintiff GLENN E. SEBRIGHT was exposed to and did inhale and/or ingest asbestos dust, fibers and particles, which dust, fibers, and particles came from the asbestos or asbestos-containing products which were manufactured, fabricated, supplied, sold, distributed, installed, specified, required, recommended, and/or used by the defendant corporations.

11. As a direct and proximate result of working with, around, and/or near asbestos materials manufactured, designed, tested, packaged, furnished, sold, supplied, distributed, delivered, installed, specified, required, recommended, and/or otherwise placed in the stream of commerce by the defendants, Plaintiff GLENN E. SEBRIGHT developed malignant mesothelioma, an asbestos-related injury. He suffers and will continue to suffer serious personal injuries, endures and will continue to endure great pain of body and mind, suffers and will continue to suffer severe mental anguish and distress, has been prevented from transacting his business, and has been required to undergo medical treatment, care and expense and will continue to require such medical care and treatment in the future. His earning capacity has been greatly impaired and he has been forced to restrict his usual activities. The foregoing injuries and damages are of a

permanent nature or will last for an indefinite time into the future. He is likely to develop further medical problems and complications in the future.

## COUNT I

## NEGLIGENCE

## (CONSCIOUS PAIN AND SUFFERING)

12. The plaintiffs incorporate by reference paragraphs 1 through 11 above as if expressly alleged and set forth herein.

13. It was the duty of the defendant corporations to provide detailed and adequate instructions relative to the proper and safe handling and use of their asbestos and asbestos-containing products, and to provide detailed and adequate warnings concerning any and all dangers, characteristics, and potentialities of their asbestos and asbestos-containing products.

14. It was the continuing duty of the defendant corporations to advise and warn purchasers, consumers, users, and prior purchasers, prior consumers, and prior users of all dangers, characteristics, potentialities and defects discovered subsequent to their initial marketing or sale of their asbestos and asbestos-containing products.

15. Yet, nevertheless, wholly disregarding the aforesaid duties, the defendant corporations breached their duties by: (a) failing to warn Plaintiff GLENN E. SEBRIGHT of the dangers, characteristics, and potentialities of their asbestos-containing products when the defendant corporations knew or should have known that exposure to their asbestos-containing products would cause disease and injury; (b) failing to warn Plaintiff GLENN E. SEBRIGHT of the dangers to which he was exposed when they knew or should have known of the dangers; (c) failing to exercise reasonable care to warn Plaintiff GLENN E. SEBRIGHT of what would be safe, sufficient, and proper protective clothing, equipment, and appliances when working with or near

8

or being exposed to their asbestos and asbestos-containing products; and (d) failing upon discovery of the dangers, hazards, and potentialities of exposure to asbestos to adequately warn and apprise Plaintiff GLENN E. SEBRIGHT of said dangers, hazards, and potentialities discovered.

16. To the extent that any of Plaintiff GLENN E. SEBRIGHT's asbestos exposure occurred on board vessels of the United States Navy or the construction and/or repair of such vessels, plaintiffs' negligence claims against manufacturers, sellers and suppliers of boilers, turbines, pumps, valves, and other mechanical equipment installed on such vessels are not based on the theory of defective design, but rather on the theory of failure to warn.

17. As a direct and proximate result of the unreasonable, careless, and negligent conduct of the defendant corporations, Plaintiff GLENN E. SEBRIGHT developed malignant mesothelioma. He has suffered serious personal injuries, endured and continues to endure great pain of body and mind. He has incurred and will continue to incur substantial medical expenses in connection with the treatment of his asbestos-related disease. He has been forced to restrict his usual activities. His earning capacity has been greatly impaired. Further, his next of kin have been deprived of his services, protection, care, assistance, society, companionship, comfort, affection, guidance, counsel and advice.

18. The defendants knew, or with the reasonable exercise of care, should have known of the dangerous characteristics, properties, and potentialities of asbestos and asbestos-containing products.

WHEREFORE, plaintiffs demand judgment against the defendants for a reasonable amount plus statutory interest and costs and for such other relief as shall be appropriate.

## COUNT II

## BREACH OF EXPRESS AND IMPLIED WARRANTIES

19. The plaintiffs incorporate by reference paragraphs 1 through 18 above as if expressly alleged and set forth herein.

20. Plaintiff GLENN E. SEBRIGHT was a person whom the defendants could reasonably have expected to use, consume, or be affected by the defendants' asbestos and asbestos-containing products within the meaning of Massachusetts General Laws ch. 106, §§ 2-314 and 2-318, as the defendants knew or had reason to know that their asbestos and asbestos-containing products would be used and that individuals such as Plaintiff GLENN E. SEBRIGHT would come in contact with such asbestos materials.

21. The defendants expressly and impliedly warranted that the asbestos and asbestos-containing products described above were merchantable, safe, and fit for their ordinary purposes, and the particular purposes and requirements of Plaintiff GLENN E. SEBRIGHT

22. The defendants had reason to know of the particular purposes for which their asbestos and asbestos-containing products would be used.

23. Plaintiff GLENN E. SEBRIGHT relied upon the defendants' skill or judgment in selecting suitable products for safe use.

24. The defendants breached these warranties in that the asbestos and asbestos-containing products they sold were not merchantable, safe, suitable, or fit for their ordinary or particular purposes.

25. To the extent that any of Plaintiff GLENN E. SEBRIGHT's asbestos exposure occurred on board vessels of the United States Navy or the construction and/or repair of such vessels, plaintiffs' breach of warranty claims against manufacturers, sellers and suppliers of

boilers, turbines, pumps, valves, and other mechanical equipment installed on such vessels are not based on the theory of defective design, but rather on the theory of failure to warn.

26. As a direct and proximate result of the defendants' breach of warranties, Plaintiff GLENN E. SEBRIGHT contracted malignant mesothelioma. Plaintiff GLENN E. SEBRIGHT has suffered serious personal injuries, endured and will continue to endure great physical pain and suffering, has suffered and will continue to suffer from severe mental anguish and distress, and has been prevented from transacting his business. He has incurred and will continue to incur substantial medical expenses in connection with the treatment of his asbestos-related disease. His earning capacity has been greatly impaired. Further, his next of kin have been deprived of his services, protection, care, assistance, society, companionship, comfort, affection, guidance, counsel and advice.

WHEREFORE, plaintiffs demand judgment against the defendants for a reasonable amount plus statutory interest and costs and for such other relief as shall be appropriate.

## COUNT III

## LOSS OF PARENTAL SOCIETY

27. The plaintiffs incorporate by reference paragraphs 1 through 26 above as if expressly alleged and set forth herein.

28. Plaintiff BROOKE SEBRIGHT is the severely handicapped adult child of Plaintiff GLENN E. SEBRIGHT.

29. As a direct and proximate result of the breach of duty and wrongdoing of the defendants and the resultant injury to Plaintiff GLENN E. SEBRIGHT, as more particularly described in the preceding Counts, Plaintiff BROOKE SEBRIGHT suffered a loss of her right to parental society with her father and the loss of her father's services, guidance, affection, comfort,

protection, society, counsel, advice, and companionship, and she has suffered great mental anguish.

WHEREFORE, plaintiffs demand judgment against the defendants for a reasonable amount plus statutory interest and costs and for such other relief as shall be appropriate.

Dated: 02/28/2019

Respectfully submitted,
The plaintiffs,
By their attorneys,

Edward Paul Coady, Esq.
BBO No. 546079
Christopher P. Duffy, Esq.
BBO No. 648402
Coady Law Firm
300 Trade Center, Suite 7640
Woburn, MA 01801
(617) 742-9510
duffy@coadylaw.com

12

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 19-565 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| PLAINTIFF(S): GLENN E. SEBRIGHT, INDIVIDUALLY AND AS PARENT, GUARDIAN, ADDRESS: AND NEXT FRIEND OF BROOKE SEBRIGHT 213 FAIR STREET, SYCAMORE, IL 60178 | DEFENDANT(S): ABB INC., ET AL. | COUNTY Middlesex |
| ATTORNEY: EDWARD P. COADY, ESQ. & CHRISTOPHER P. DUFFY, ESQ. ADDRESS COADY LAW FIRM 300 TRADE CENTER, SUITE 7640 WOBURN, MA 01801 | ADDRESS: SEE COMPLAINT | |
| BBO: 546079 (COADY) & 648402 (DUFFY) | | |

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B19 | ASBESTOS | A | ☒ YES ☐ NO |

*If "Other" please describe:

Is there a claim under G.L. c. 93A?  ☐ YES  ☒ NO

Is this a class action under Mass. R. Civ. P. 23?  ☐ YES  ☒ NO

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ................................................................ UNKNOWN
2. Total doctor expenses ................................................................. UNKNOWN
3. Total chiropractic expenses ........................................................ UNKNOWN
4. Total physical therapy expenses ................................................. UNKNOWN
5. Total other expenses (describe below) ....................................... UNKNOWN
   Subtotal (A): $UNKNOWN
B. Documented lost wages and compensation to date ................... UNKNOWN
C. Documented property damages to date .................................... N/A
D. Reasonably anticipated future medical and hospital expenses ... UNKNOWN
E. Reasonably anticipated lost wages ............................................ UNKNOWN
F. Other documented items of damages (describe below) ............. $10,000,000+
PAIN AND SUFFERING; LOSS OF PARENTAL SOCIETY

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
PLAINTIFF GLENN E. SEBRIGHT'S EXPOSURE TO ASBESTOS FROM THE DEFENDANTS' ASBESTOS-INSULATED
& ASBESTOS-CONTAINING PRODUCTS & EQUIPMENT CAUSED HIM TO DEVELOP ASBESTOS-RELATED CANCER

TOTAL (A-F): $10,000,000+

*FILED IN THE OFFICE OF THE CLERK OF COURTS FOR THE COUNTY OF MIDDLESEX FEB 28 2019 CLERK*

**CONTRACT CLAIMS**
(attach additional sheets as necessary)

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).
Provide a detailed description of claim(s):

TOTAL: $ _____

Signature of Attorney/ Unrepresented Plaintiff: X                Date:

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X                Date: Feb 28, 2019

# CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

### AC Actions Involving the State/Municipality *

| Code | Description | Track |
|---|---|---|
| AA1 | Contract Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AB1 | Tortious Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AC1 | Real Property Action involving Commonwealth, Municipality, MBTA etc. | (A) |
| AD1 | Equity Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AE1 | Administrative Action involving Commonwealth, Municipality, MBTA, etc. | (A) |

### CN Contract/Business Cases

| Code | Description | Track |
|---|---|---|
| A01 | Services, Labor, and Materials | (F) |
| A02 | Goods Sold and Delivered | (F) |
| A03 | Commercial Paper | (F) |
| A04 | Employment Contract | (F) |
| A05 | Consumer Revolving Credit - M.R.C.P 8.1 | (F) |
| A06 | Insurance Contract | (F) |
| A08 | Sale or Lease of Real Estate | (F) |
| A12 | Construction Dispute | (A) |
| A14 | Interpleader | (F) |
| BA1 | Governance, Conduct, Internal Affairs of Entities | (A) |
| BA3 | Liability of Shareholders, Directors, Officers, Partners, etc. | (A) |
| BB1 | Shareholder Derivative | (A) |
| BB2 | Securities Transactions | (A) |
| BC1 | Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. | (A) |
| BD1 | Intellectual Property | (A) |
| BD2 | Proprietary Information or Trade Secrets | (A) |
| BG1 | Financial Institutions/Funds | (A) |
| BH1 | Violation of Antitrust or Trade Regulation Laws | (A) |
| A99 | Other Contract/Business Action - Specify | (F) |

\* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

† Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

### ER Equitable Remedies

| Code | Description | Track |
|---|---|---|
| D01 | Specific Performance of a Contract | (A) |
| D02 | Reach and Apply | (F) |
| D03 | Injunction | (F) |
| D04 | Reform/ Cancel Instrument | (F) |
| D05 | Equitable Replevin | (F) |
| D06 | Contribution or Indemnification | (F) |
| D07 | Imposition of a Trust | (A) |
| D08 | Minority Shareholder's Suit | (A) |
| D09 | Interference in Contractual Relationship | (F) |
| D10 | Accounting | (A) |
| D11 | Enforcement of Restrictive Covenant | (F) |
| D12 | Dissolution of a Partnership | (F) |
| D13 | Declaratory Judgment, G.L. c.231A | (A) |
| D14 | Dissolution of a Corporation | (F) |
| D99 | Other Equity Action | (F) |

### PA Civil Actions Involving Incarcerated Party †

| Code | Description | Track |
|---|---|---|
| PA1 | Contract Action involving an Incarcerated Party | (A) |
| PB1 | Tortious Action involving an Incarcerated Party | (A) |
| PC1 | Real Property Action involving an Incarcerated Party | (F) |
| PD1 | Equity Action involving an Incarcerated Party | (F) |
| PE1 | Administrative Action involving an Incarcerated Party | (F) |

### TR Torts

| Code | Description | Track |
|---|---|---|
| B03 | Motor Vehicle Negligence - Personal Injury/Property Damage | (F) |
| B04 | Other Negligence - Personal Injury/Property Damage | (F) |
| B05 | Products Liability | (A) |
| B06 | Malpractice - Medical | (A) |
| B07 | Malpractice - Other | (A) |
| B08 | Wrongful Death - Non-medical | (A) |
| B15 | Defamation | (A) |
| B19 | Asbestos | (A) |
| B20 | Personal Injury - Slip & Fall | (F) |
| B21 | Environmental | (F) |
| B22 | Employment Discrimination | (F) |
| BE1 | Fraud, Business Torts, etc. | (A) |
| B99 | Other Tortious Action | (F) |

### RP Summary Process (Real Property)

| Code | Description | Track |
|---|---|---|
| S01 | Summary Process - Residential | (X) |
| S02 | Summary Process - Commercial/Non-residential | (F) |

### RP Real Property

| Code | Description | Track |
|---|---|---|
| C01 | Land Taking | (F) |
| C02 | Zoning Appeal, G.L. c. 40A | (F) |
| C03 | Dispute Concerning Title | (F) |
| C04 | Foreclosure of a Mortgage | (X) |
| C05 | Condominium Lien & Charges | (X) |
| C99 | Other Real Property Action | (F) |

### MC Miscellaneous Civil Actions

| Code | Description | Track |
|---|---|---|
| E18 | Foreign Discovery Proceeding | (X) |
| E97 | Prisoner Habeas Corpus | (X) |
| E22 | Lottery Assignment, G.L. c. 10 §28 | (X) |

### AB Abuse/Harassment Prevention

| Code | Description | Track |
|---|---|---|
| E15 | Abuse Prevention Petition, G.L. c. 209A | (X) |
| E21 | Protection from Harassment, G.L. c. 258E | (X) |

### AA Administrative Civil Actions

| Code | Description | Track |
|---|---|---|
| E02 | Appeal from Administrative Agency, G.L. c. 30A | (X) |
| E03 | Certiorari Action, G.L. c.249 §4 | (X) |
| E05 | Confirmation of Arbitration Awards | (X) |
| E06 | Mass Antitrust Act, G. L. c. 93 §9 | (A) |
| E07 | Mass Antitrust Act, G. L. c. 93 §8 | (X) |
| E08 | Appointment of a Receiver | (X) |
| E09 | Construction Surety Bond, G.L. c. 149 §§29, 29A | (A) |
| E10 | Summary Process Appeal | (X) |
| E11 | Worker's Compensation | (X) |
| E16 | Auto Surcharge Appeal | (X) |
| E17 | Civil Rights Act, G.L. c.12 §11H | (A) |
| E24 | Appeal from District Court Commitment, G.L. c.123 §9(b) | (X) |
| E25 | Pleural Registry (Asbestos cases) | |
| E95 | Forfeiture, G.L. c.94C §47 | (F) |
| E99 | Other Administrative Action | (X) |
| Z01 | Medical Malpractice - Tribunal only, G.L. c. 231 §60B | (F) |
| Z02 | Appeal Bond Denial | (X) |

### SO Sex Offender Review

| Code | Description | Track |
|---|---|---|
| E12 | SDP Commitment, G.L. c. 123A §12 | (X) |
| E14 | SDP Petition, G.L. c. 123A §9(b) | (X) |

### RC Restricted Civil Actions

| Code | Description | Track |
|---|---|---|
| E19 | Sex Offender Registry, G.L. c.6 §178M | (X) |
| E27 | Minor Seeking Consent, G.L. c.112 §12S | (X) |

**TRANSFER YOUR SELECTION TO THE FACE SHEET**

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES  ☐ NO |

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF** - The plaintiff shall set forth, on the face of the civil action cover sheet (or attach additional sheets as necessary), a statement specifying the facts on which the plaintiff relies to determine money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served with the complaint. A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or self-represented litigant.

**DUTY OF THE DEFENDANT** - If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with his/her answer a statement specifying the potential damages which may result if the plaintiff prevails.

**A CIVIL COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
MAY RESULT IN DISMISSAL OF THIS ACTION.**

| CIVIL TRACKING ORDER<br>(STANDING ORDER 1-88) | DOCKET NUMBER<br>1981CV00565 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|
| CASE NAME:<br>Glenn E. Sebright Individually and As Parent of, Guardian and next friend of Brooke Sebright vs. ABB Inc. | | Michael A. Sullivan, Clerk of Court<br>Middlesex County |
| TO: Edward Paul Coady, Esq.<br>Coady Law Firm<br>300 Trade Center<br>Suite 7640<br>Woburn, MA 01801 | | COURT NAME & ADDRESS<br>Middlesex County Superior Court - Woburn<br>200 Trade Center<br>Woburn, MA 01801 |

### TRACKING ORDER - A - Average

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION                                                       DEADLINE

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 05/29/2019 | |
| Response to the complaint filed (also see MRCP 12) | | 06/28/2019 | |
| All motions under MRCP 12, 19, and 20 | 06/28/2019 | 07/29/2019 | 08/27/2019 |
| All motions under MRCP 15 | 04/23/2020 | 05/26/2020 | 05/26/2020 |
| All discovery requests and depositions served and non-expert depositions completed | 02/17/2021 | | |
| All motions under MRCP 56 | 03/19/2021 | 04/19/2021 | |
| Final pre-trial conference held and/or firm trial date set | | | 08/16/2021 |
| Case shall be resolved and judgment shall issue by | | | 02/28/2022 |

The final pre-trial deadline is <u>not the scheduled date of the conference</u>. You will be notified of that date at a later time. Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service. This case is assigned to

| DATE ISSUED<br>02/28/2019 | ASSISTANT CLERK | | PHONE |
|---|---|---|---|

Date/Time Printed: 02-28-2019 14:51:55                                                                                                SCV026\ 08/2016